**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Senco Brands, Inc., an Ohio Corporation | |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | No. _____ |
| Hitachi Koki U.S.A., Ltd., a Delaware Corporation, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Senco Brands, Inc. ("Senco"), a Ohio Corporation, by and through its attorneys, against Defendant Hitachi Koki U.S.A., Ltd., a Delaware Corporation, ("Defendant"), states as its Complaint and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

### Parties

1.     Senco is an Ohio corporation  organized and existing under the laws of the state of Ohio.  Senco has its  principal place of business at 4270 Ivy Pointe Blvd., Cincinnati, OH 45245.  Senco develops and manufacturers innovative nailers, staplers and fasteners for the commercial and residential markets.  Senco operates a website at www.senco.com.

2.     Upon information and belief, Defendant Hitachi is a Delaware corporation, with its principal place of business at 1111 Broadway Avenue, Braselton, GA 30517.

3.     Defendant conducts business in the United States and/or resides in this jurisdiction.

## Jurisdiction

4.     This is a claim for patent infringement and arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§1331 and 1338(a).

## Venue and Personal Jurisdiction

5.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b) because Defendant regularly conducts business in this judicial district and has regular and established places of business in this judicial district, and/or because certain of the acts complained of herein occurred in this judicial district.  Upon information and belief, Defendant is subject to personal jurisdiction in this Court because Defendant is currently doing and has done substantial business in this judicial district, including committing acts of patent infringement in this judicial district and elsewhere in the United States, and Defendant regularly sells or solicits sales of its products within this district, such that a substantial part of the events giving rise to the claims occurred in this district.  Defendant is therefore subject to the venue of this Court.

## SENCO'S RIGHTS

6.     Senco is the assignee of U.S. Patent Nos. 8,011,547 (the "'547 Patent"), 8,267,296 (the "'296 Patent"), 8,267,297 (the "'297 Patent"), 8,387,718 (the "'718 Patent"), 8,286,722 (the "'722 Patent") and 8,602,282  (the "'282 Patent") (collectively the "Patents-in-Suit") and owns the entire right, title and interest in and to the Patents-in-Suit.

7.     The '547 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the United States Patent and Trademark Office (the "USPTO") on September 6, 2011.  The application which issued as the '547 Patent was filed on October 1, 2008 as U.S. Application No. 12/243,568.  A true and correct copy of the '547 Patent is attached hereto as <u>Exhibit A</u> and is incorporated by reference herein.

8.     The '547 Patent is valid and enforceable at least until 20 years from the date of filing, or around October 1, 2028  with patent term extensions not included.

9.     The '296 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the United States Patent and Trademark Office (the "USPTO") on September 18, 2012.  The application which issued as the '296 Patent was filed on October 9, 2011 as U.S. Application No. 13/205,867.  A true and correct copy of the '296 Patent is attached hereto as <u>Exhibit A</u> and is incorporated by reference herein.

10.     The '296 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028  with patent term extensions not included.

11.     The '718 Patent is titled *Method For Controlling A Fastener Driving Tool Using a Gas Spring* and was issued by the United States Patent and Trademark Office (the "USPTO") on March 5, 2013.  The application which issued as the '718 Patent was filed on October 27, 2010 as U.S. Application No. 12/913,049.  A true and correct copy of the '718 Patent is attached hereto as <u>Exhibit A</u> and is incorporated by reference herein.

12.     The '718 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028  with patent term extensions not included.

13.     The '297 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the United States Patent and Trademark Office (the "USPTO") on September 18, 2012. The application which issued as the '297 Patent was filed on August 31, 2011 as U.S. Application No. 13/221,993. A true and correct copy of the '297 Patent is attached hereto as Exhibit A and is incorporated by reference herein.

14.     The '297 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028 with patent term extensions not included.

15.     The '722 Patent is titled *Method For Controlling a Fastener Driving Tool Using a Gas Spring* and was issued by the United States Patent and Trademark Office (the "USPTO") on October 16, 2012. The application which issued as the '722 Patent was filed on October 27, 2010 as U.S. Application No. 12/913,144. A true and correct copy of the '722 Patent is attached hereto as Exhibit A and is incorporated by reference herein.

16.     The '722 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028 with patent term extensions not included.

17.     The '282 Patent is titled *Fastener Driving Tool Using Gas Spring* and was issued by the United States Patent and Trademark Office (the "USPTO") on December 10, 2013. The application which issued as the '282 Patent was filed on February 13, 2013 as U.S. Application No. 13/770,481. A true and correct copy of the '282 Patent is attached hereto as Exhibit A and is incorporated by reference herein.

4

18.     The '282 Patent is valid and enforceable at least until 20 years from the date of filing of its parent application, or around October 1, 2028  with patent term extensions not included.

19.     Senco offers multiple products directly to large customers, third-party retailers and distributors.  Senco also markets its products through its website.  Senco's products are also sold online by some web retailers and customers.  These products offered for sale to customers are covered by or relate in whole or in part to the Patents-in-Suit.  The Patents-in-Suit contain claims directed to a fastener driving tool that uses a gas spring.

20.     In particular, Senco has created and currently sells a line of finish nailers under the brand name Fusion.  The Fusion line of nailers incorporates the elements of the Patents-in-Suit.

## COUNT I

### Direct Patent Infringement of U.S. Patent Nos. 8,011,547
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

21.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraphs 1-20.

22.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

23.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell, and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE ("Hitachi Nailers").

24.     Upon information and belief, the Hitachi Nailers infringe at least claim 30 of the ʻ547 Patent,  as shown in claim charts attached as <u>Exhibit B</u>.  The Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

25.     Defendant is a direct competitor of Senco as it offers competitive nailers in the tool industry.

26.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received, but for the aforesaid infringement by Defendant.

27.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

28.     Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

### COUNT II

#### Direct Patent Infringement of U.S. Patent Nos. 8,267,296 Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

29.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraphs 1-28.

30.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

31. Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell, and imported nailers that infringe the claims of the Patents-in-Suit. These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE ("Hitachi Nailers").

32. Upon information and belief, the Hitachi Nailers infringe at least claims 1 and 11 of the '296 Patent, as shown in claim charts attached as <u>Exhibit B</u>. The Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

33. Defendant is a direct competitor of Senco as it offers competitive nailers in the tool industry.

34. As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received, but for the aforesaid infringement by Defendant.

35. Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

36. Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT III

### Direct Patent Infringement of U.S. Patent Nos. 8,267,297
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

37.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraphs 1-36.

38.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

39.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell, and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE ("Hitachi Nailers").

40.     Upon information and belief, the Hitachi Nailers infringe at least claims 1, 30 and 32 of the '297 Patent,  as shown in claim charts attached as Exhibit B.  The Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

41.     Defendant is a direct competitor of Senco as it offers competitive nailers in the tool industry.

42.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received, but for the aforesaid infringement by Defendant.

43. Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

44. Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.

## COUNT IV

### Direct Patent Infringement of U.S. Patent Nos. 8,387,718
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

45. Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraphs 1-44.

46. Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

47. Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell, and imported nailers that infringe the claims of the Patents-in-Suit. These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE ("Hitachi Nailers").

48. Upon information and belief, the Hitachi Nailers infringe at least claims 1, 10 and 16 of the '718 Patent, as shown in claim charts attached as Exhibit B. The Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

49. Defendant is a direct competitors of Senco as it offers competitive nailers in the tool industry.

50. As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving,

if such further infringement is not restrained and enjoined by this Court, all the gains and profits

to which Senco is lawfully entitled and that it would have derived and received, but for the

aforesaid infringement by Defendant.

51.     Upon information and belief, Defendant has actual and constructive notice of

Senco's rights respecting the patented technology.

52.     Upon information and belief, Defendant's infringement is willful and the decision

to infringe the Patents-in-Suit is in egregious disregard of the law.


## COUNT V

### Direct Patent Infringement of U.S. Patent Nos. 8,286,722
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

53.     Senco adopts, restates and realleges each and every allegation previously set forth

in this Complaint as if fully set forth in Paragraphs 1-52.

54.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes,
uses, offers to sell, or sells any patented invention, within the United States or
imports into the United States any patented invention during the term of the
patent therefor, infringes the patent.*

55.     Upon information and belief, Defendant, without permission or license from

Senco, has unlawfully and wrongfully created, used, sold, offered to sell, and imported nailers

that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under

model numbers NT1865DMA, NT1865DM and NT1850DE ("Hitachi Nailers").

56.     Upon information and belief, the Hitachi Nailers infringe at least claims 1 and 16

of the '722 Patent,  as shown in claim charts attached as Exhibit B.  The Hitachi Nailers are sold

or offered for sale by Defendant in the United States and within this district either directly to

customers or to distributors.

57.     Defendant is a direct competitor of Senco as it offers competitive nailers in the tool industry.

58.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received, but for the aforesaid infringement by Defendant.

59.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

60.     Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.


## COUNT VI

### Direct Patent Infringement of U.S. Patent Nos. 8,602,282
### Pursuant to § 271(a) of the Patent Act (35 U.S.C. § 271(a))

61.     Senco adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraphs 1-60.

62.     Section 271(a) of the Patent Act (35 U.S.C. § 271(a)) provides, in relevant part:

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

63.     Upon information and belief, Defendant, without permission or license from Senco, has unlawfully and wrongfully created, used, sold, offered to sell, and imported nailers that infringe the claims of the Patents-in-Suit.  These nailers are sold and marketed at least under model numbers NT1865DMA, NT1865DM and NT1850DE ("Hitachi Nailers").

64.     Upon information and belief, the Hitachi Nailers infringe at least claim 1 of the '282 Patent, as shown in claim charts attached as <u>Exhibit B</u>. The Hitachi Nailers are sold or offered for sale by Defendant in the United States and within this district either directly to customers or to distributors.

65.     Defendant is a direct competitor of Senco as it offers competitive nailers in the tool industry.

66.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving, if such further infringement is not restrained and enjoined by this Court, all the gains and profits to which Senco is lawfully entitled and that it would have derived and received, but for the aforesaid infringement by Defendant.

67.     Upon information and belief, Defendant has actual and constructive notice of Senco's rights respecting the patented technology.

68.     Upon information and belief, Defendant's infringement is willful and the decision to infringe the Patents-in-Suit is in egregious disregard of the law.


**COUNT VII**

**Induced Patent Infringement of U.S. Patent No. 8,387,718
Pursuant to § 271(b) of the Patent Act (35 U.S.C. § 271(b))**

69.     Senco adopts, restates and re-alleges each and every allegation previously set forth in this Complaint as if fully set forth in Paragraphs 1-68.

70.     Section 271(b) of the Patent Act (35 U.S.C. § 271(b)) provides, in relevant part:

*(b) Whoever actively induces infringement of a patent shall be liable as an infringer.*

71.     Upon information and belief, Defendant's Hitachi Nailers are configured such that owner/operators who utilize the Hitachi Nailers perform methods that infringe the Patents-in-Suit when using the Hitachi Nailers as directed by Defendant.  Defendant sells the infringing Hitachi Nailers to third parties (including potential customers of Senco), knowing that such third parties will perform methods in violation of Senco's exclusive rights under the Patents-in-Suit.  Defendant's actions have caused great loss, as well as immediate and irreparable injury, to Senco via indirect, induced infringement by providing an instrument to a third party to enable such third party to perform methods that infringe the Patents-in-Suit.

72.     Defendant has sold or offered to sell, continue to sell or offer to sell, into the United States, products that are configured to perform methods that infringe the Patents-in-Suit for Defendant's own benefit, including regular sales and/or offers to sell products using the infringing methods within this judicial district, in direct violation of Senco's exclusive rights under the Patents-in-Suit.

73.     Upon information and belief, the Hitachi Nailers enable Defendant's customers to perform methods that infringe at least claims 1, 10 and 16 of the '718 Patent, resulting in induced or vicarious infringement of these claims.

74.     Upon information and belief, a portion of Defendant's  business model is built on the sale of its Hitachi Nailers, and Defendant's profits are generated at least in part from the aforesaid infringement of the Patents-in-Suit.  In at least the field of providing nailers, Senco and Defendant are direct or indirect competitors offering alternative nailers to the same customers, and therefore sales by Defendant directly damage the actual or potential sales of Senco.

75.     As a direct and proximate result of the aforesaid infringement, Senco has been and will be greatly damaged, and has been and will be deprived of and prevented from receiving,

if such further infringement is not restrained and enjoined by this Court, all the gains and profits

to which Senco is lawfully entitled and that it would have derived and received but for the

aforesaid infringement by Defendant.

76.     Upon information and belief, Defendant has actual and constructive notice of

Senco's rights respecting the patented technology.

77.     Upon information and belief, Defendant knew or should have known that the

importation, distribution, and/or sale of Defendant's Hitachi Nailers would induce actual (i.e.,

direct) infringement of the Patents-in-Suit.

78.     Upon information and belief, Defendant's infringement is willful and the decision

to infringe the Patents-in-Suit is in egregious disregard of the law.


## PRAYER FOR RELIEF

WHEREFORE, Senco prays that this Court:

(a)     adjudge and decree that Defendant has directly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

(b)     adjudge and decree that Defendant has induced infringement of the Patents-in-Suit in violation of 35 U.S.C. § 271 (b)

(c)     preliminarily and permanently enjoin, by reason of said acts of infringement and pursuant to 35 U.S.C. § 283, Defendant, their representatives, officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert with them, from directly or indirectly making or causing to be made, offering for sale, selling or causing to be sold, or using or causing to be used any product in accordance with or embodying any invention(s) or methods set forth and claimed in the Patents-in-Suit, including but not limited to the Hitachi Nailers and any infringing work product generated therewith;

(d)     order Defendant to pay to Senco its damages pursuant to 35 U.S.C. § 284 as a result of Defendant's acts of infringement

(e)     order a trebling of all damages awarded to Senco pursuant to 35 U.S.C. § 284;

(f)      order that Senco recover prejudgment interest from Defendant pursuant to 35 U.S.C. § 284 on damages awarded to Senco;

(g)      adjudge that the case is exceptional and award Senco its attorneys' fees pursuant to 35 U.S.C. § 285;

(h)      order that Senco recover all other costs and disbursements that may be incurred by Senco in this action; and

(i)      order such other and further relief as the Court deems just and proper.

## **<u>JURY TRIAL DEMAND</u>**

Senco hereby demands a trial by jury on all triable issues in this case as a matter of right.

Respectfully submitted,

By:  <u>/s/ John F. Marsh</u>
John F. Marsh, Trial Attorney (0065345)
HAHN LOESER & PARKS LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 233-5102
Facsimile:  (614) 221-5909
jmarsh@hahnlaw.com

Attorneys for Plaintiff
Senco Brands, Inc.

Of Counsel (*pro hac vice* pending)

Robert S. Rigg
Timothy M Nitsch
VEDDER PRICE P.C.
222 N. LaSalle St., Suite 2600
Chicago, Illinois  60601
Telephone:  (312) 609-7500
Fax:  (312) 609-5005
rrigg@vedderprice.com
tnitsch@vedderprice.com

.